IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-247

1998 MT 215

_____

JAKE and ESTHER FRANK d/b/a

ROCKING J. RANCH,

Plaintiffs and Appellants,

v.

NEV HARDING,

Defendant and Respondent

OPINION and ORDER

_____

¶1 Nev Harding (Harding), the respondent in this appeal, has moved this Court to strike Exhibits A through D attached to the opening brief of the appellants Jake and Esther Frank (the Franks), d/b/a Rocking J Ranch. Pursuant to our order of August 18, 1998, the Franks have responded. They oppose Harding's motion and move that the Exhibits at issue be judicially noticed. For the reasons stated below, we grant Harding's motion, in part, and deny the Franks' motion.

¶2 The case underlying this appeal was brought in the Thirteenth Judicial District Court, Carbon County, by the Franks against Harding; they sought judgment for amounts allegedly owed them by Harding and relief from threats allegedly leveled by him against them. Harding did not timely answer the complaint and the Franks obtained entry of his default, followed by a default judgment. Thereafter, Harding

moved to set the default judgment aside. The District Court held a hearing on the motion and Harding presented evidence surrounding the circumstances of his failure to answer the complaint timely. The court did not allow the Franks to present evidence, but did allow their counsel to make an offer of proof as to the testimony he would have offered. The court granted Harding's motion to set aside the default judgment and the Franks timely filed a notice of appeal. The sole issue raised on appeal is whether the District Court erred in granting Harding's motion to set aside.

¶3 The Franks' opening brief on appeal was filed on June 23, 1998. Attached thereto are Exhibits A, C and D, all of which are newspaper articles. Exhibit B, also attached, is the process server's proof of service with narrative statement attached. Harding moves to strike all four of the referenced Exhibits--together with all statements and arguments based thereon in the Franks' opening brief--on the grounds that they are not part of the record on appeal and are included for the improper purpose of prejudicing this Court against him. We observe at the outset that Exhibit B, the process server's proof of service and attached statement are of record--having been filed February 11, 1998--and we do not discuss that Exhibit further.

¶4 The Franks respond, first, that the newspaper articles are attached to allow this Court "to evaluate the parties to this appeal." In this regard, we need observe only that the issue on appeal--whether the trial court erred in setting aside the default judgment--obviously does not require this Court to "evaluate the parties;" it requires us only to apply the law in determining whether the District Court erred in setting aside the default judgment. Exhibits A, C and D are totally and entirely irrelevant to our consideration of that issue and it is clear that counsel can only have attached Exhibits A, C and D for an improper purpose.

¶5 Relying on Matter of Establishment & Org. of Ward Irr. Dist. (1985), 216 Mont. 315, 321, 701 P.2d 721, 726, the Franks also contend that it is permissible to "supplement" the record on appeal with judicially recognizable material and that the articles are proper subjects for judicial notice. *Ward Irr. Dist.* is readily distinguishable, however, on several grounds. First, we considered the survey descriptions and maps at issue there under the express authority of the Commission Comments to Rule 201(b), M.R.Evid., which permit judicial notice of "published maps or charts." Second, the Montana Water Code specifically provided that, in the water rights adjudication process, maps and descriptions were acceptable articles of

evidence to prove a water right. *Ward Irr. Dist.*, 216 Mont. at 321, 701 P.2d at 726. In the present case, neither of those bases is even arguably present and, indeed, the Franks' counsel makes no effort to argue that the newspaper articles are judicially recognizable under Rule 201(b), M.R.Evid. Furthermore, the alleged "facts" contained within the newspaper articles are, as noted above, totally irrelevant to the issue raised for our consideration in this appeal.

¶6 Finally, the Franks argue--relying on 29 Am. Jur. 2d *Evidence* § 88 (1994)--that "[n]ewspaper articles and television stories are regularly judicially noticed by federal courts." While it is true that § 88 cites to two federal district court cases wherein newspaper articles apparently have been judicially noticed, the section also cites to a federal circuit court of appeals case refusing to take judicial notice of the truth of a newspaper article. Thus, § 88 can hardly be said to support the Franks' assertion that federal courts "regularly" take judicial notice of newspaper articles. Moreover, Rule 201(b), M.R.Evid., is applicable here.

¶7 In summary, it is clear that Exhibits A, C and D are improperly attached to the Franks' brief. Nor is it conceivable that the Franks' counsel, an attorney with some 15 years' experience in the practice of law, did not recognize the impropriety of attaching such nonrecord and totally irrelevant matters to his clients' brief on appeal. In this regard, we long have cautioned counsel about such practices, stating, for example, that " '[w]*e strongly condemn this practice by counsel for appellants* [of attempting to introduce extraneous evidence by the 'back door' via attachment as appendices to their brief] *and use this occasion to warn other parties to future appeals that this practice will not be tolerated*.' " *See* Downs v. Smyk (1979), 185 Mont. 16, 25, 604 P.2d 307, 312 (quoting Farmers State Bank of Conrad v. Iverson (1973), 162 Mont. 130, 133-34, 509 P.2d 839, 841). This practice wastes the time and resources of both opposing counsel and this Court and, had Harding requested sanctions in this regard, they likely would have been granted.

¶8 The Court having fully considered the matters before it,

¶9 IT IS ORDERED that Harding's motion to strike Exhibits A, C and D to the Franks' opening brief is GRANTED and we will not consider those Exhibits or any statements or argument in the Franks' opening brief which rely on those Exhibits; and

**¶10 IT IS ORDERED that the Franks' motion for judicial notice of Exhibits A, C and D is DENIED.**

**¶11 The Clerk is directed to mail a true copy of this Order to counsel of record for the parties.**

**¶12 DATED this 1st day of September, 1998.**

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER