No. 99-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 147

300 Mont. 66

2 P.3d 825

SWEET GRASS FARMS, LTD.,

Plaintiff and Appellant,

and

HUNTER'S HOT SPRINGS CANAL CO.,

a Montana corporation,

Intervenor Plaintiff and Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF

SWEET GRASS COUNTY,

Defendant and Respondent,

and

J & W ENTERPRISES, a Partnership,

Intervenor Defendant and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Sweet Grass,

The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

James H. Goetz and Brian M. Morris, Goetz, Gallik, Baldwin &

Dolan, P.C., Bozeman, Montana (Sweet Grass Farms, LTD.)

Joseph T. Swindlehurst, Huppert & Swindlehurst, P.C.,

Livingston, Montana (Hunter's Hot Springs Canal Co.)

For Respondents:

Myra L. Shults, Attorney at Law, Missoula, Montana

(Board of County Commissioners of Sweet Grass County)

Kenneth D. Peterson, Peterson & Schofield, Billings, Montana

(J & W Enterprises)

For Amicus:

Michael S. Kakuk, Attorney at Law, Helena, Montana (Montana

Association of Realtors)

Submitted on Briefs: December 16, 1999

Decided: June 1, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Sweet Grass Farms, Ltd., appeals from the Findings of Fact, Conclusions of Law and Order Denying Preliminary Injunction entered by the Sixth Judicial District Court, Sweet Grass County. We reverse and remand.

¶2 We restate the issues presented on appeal as follows:

¶3 1. Whether the District Court abused its discretion in denying Sweet Grass Farms' motion for preliminary injunction?

¶4 2. Whether Sweet Grass Farms is likely to prevail on the issues of subdivision review due to the Board's failure to consider several factors required by the Master Plan; the conflicts between the subdivision and the Master Plan; and the Board's failure to require an environmental assessment?

¶5 3. Whether the District Court erred by combining the standing requirement for an appeal under § 76-3-625, MCA, with the irreparable injury requirement under the preliminary injunction statute, § 27-19-201, MCA?

## BACKGROUND

¶6 In January 1995 Norman K. and Ellen Lorraine Starr purchased a large ranch near Big Timber, Montana, which included the area of the subdivision at issue in this case. In August 1996 the Starrs submitted an application for a two-lot subdivision on the eastern portion of the property (referred to as the Trail West Minor Subdivision), which was approved. A Nevada real estate developer, Jerald R. Jackson, subsequently purchased the easternmost lot from the Starrs for his trust.

¶7 At about the same time as the subdivision application, Norman K. Starr had the westernmost portion of the property surveyed. In June 1996 the Starrs conveyed the

westernmost portion of the property depicted in the certificate of survey (COS 124907) to Raymond C. and Eva J. Suiter. In February 1997 the Suiters quitclaimed the property to Sweet Grass Farms. Raymond C. Suiter is the president of Sweet Grass Farms, which is a family-owned farming operation.

¶8 Also in 1997, Jackson submitted a subdivision application for the lot he had purchased from the Starrs' Trail West Minor Subdivision. Jackson proposed subdividing the approximately 33.5-acre parcel into five lots. The Board of County Commissioners of Sweet Grass County (Board) rejected Jackson's subdivision application. As a result, Jackson filed suit in the Sixth Judicial District Court, Sweet Grass County.

¶9 Following these transactions, Norman K. Starr had the remainder of the property the Starrs purchased in January 1995 surveyed. In December 1998 J & W Enterprises (J & W), a California partnership, purchased the remainder of the property depicted in the certificate of survey (COS 125390).

¶10 In April 1999 Jerald R. Jackson, as managing general partner of J & W, submitted an application on behalf of J & W to subdivide the property depicted in COS 125390. The proposed subdivision (referred to as the J & W Minor Subdivision) included five, 22- to 30-acre lots along the north bank of the Yellowstone River, leaving a remaining parcel of approximately 163 acres. J & W's proposed subdivision is contiguous to the property owned by Sweet Grass Farms.

¶11 Following submission of J & W's subdivision application, the county planning board held several meetings, solicited input from various state and local entities regarding the potential impact of the subdivision, and received written public comment. In addition, as part of the preliminary plat review the planning staff issued a Staff Report on May 4, 1999, and the planning board issued its Recommended Findings of Fact that Weigh Review Criteria on May 5, 1999.

¶12 The Staff Report indicated that the subdivision was recommended for approval on the condition that it be brought into conformance with the subdivision regulations and the Sweet Grass County Growth Policy Plan (Master Plan) and that it minimize identified significant adverse impacts. The Staff Report specifically listed the areas where the subdivision, as proposed, did not comply with the Master Plan. In addition, the recommended findings of the planning board indicated the areas where the proposed subdivision did not comply with the subdivision regulations and the Master Plan.

¶13 At its June 2, 1999, meeting, the Board conditionally approved the J & W Minor Subdivision. The Board notified J & W of its approval and the corresponding conditions by letter dated June 4, 1999. On June 14, 1999, Sweet Grass Farms brought an action against the Board for declaratory relief and a writ of review seeking to nullify the Board's approval of the J & W Minor Subdivision. In addition, Sweet Grass Farms requested injunctive relief under Title 27, Chapter 19 of the Montana Code Annotated and included a petition of appeal pursuant to § 76-3-625, MCA.

¶14 Subsequently, Hunter's Hot Springs Canal Co. (Hunter's Hot Springs) made a motion to intervene in the action as a plaintiff and J & W made a motion to intervene in the action as a defendant. Hunter's Hot Springs is a Montana nonprofit corporation which owns and operates a water use facility in Sweet Grass County, consisting of an irrigation canal.

¶15 At the same time, the Board filed a motion to dismiss the writ of review issued by the District Court and Sweet Grass Farms' entire action for failure to state a claim upon which relief could be granted. On August 19, 1999, the District Court issued an order granting the Board's motion to dismiss the writ of review, denying the Board's motion to dismiss the entire action, striking the equitable remedies of declaratory judgment and writ of review from Sweet Grass Farms' prayer for relief, and allowing Hunter's Hot Springs and J & W to intervene as parties.

¶16 In late August 1999 Sweet Grass Farms received notice that J & W had submitted its final plat to the Board for approval. Sweet Grass Farms immediately sought and obtained a Temporary Restraining Order, which was issued September 1, 1999, enjoining the Board from taking any steps to issue final approval of the J & W Minor Subdivision pending a ruling on Sweet Grass Farms' motion for preliminary injunction.

¶17 On September 7, 1999, Sweet Grass Farms filed a motion for partial summary judgment regarding the Board's alleged failure to consider all the criteria set forth in the Master Plan in evaluating the J & W Minor Subdivision. Both the Board and J & W filed briefs in opposition to Sweet Grass Farms' motion for partial summary judgment.

¶18 The District Court conducted a hearing on September 15, 1999, regarding Sweet Grass Farms' motion for preliminary injunction. At the hearing, the parties spent a great deal of time arguing about the scope of the hearing, presented witness testimony, including experts, and introduced exhibits. During the hearing, Sweet Grass Farms attempted to introduce evidence regarding the successive subdivision applications

allegedly made by J & W and entities or individuals affiliated with J & W or Jackson. The District Court limited the evidence to the process and adverse effect of the J & W Minor Subdivision and did not allow evidence regarding the cumulative effects of the other proposed subdivisions. Sweet Grass Farms made oral and written offers of proof regarding the evidence it had attempted to introduce regarding the other proposed subdivisions.

¶19 Following the preliminary injunction hearing, the District Court allowed the parties to submit proposed findings of fact and conclusions of law. On September 27, 1999, the District Court issued its Findings of Fact, Conclusions of Law and Order Denying Preliminary Injunction. Sweet Grass Farms appeals from the District Court's denial of its motion for preliminary injunction.

## STANDARD OF REVIEW

¶20 The standard of review for an order granting or denying a preliminary injunction is whether the district court abused its discretion. *See Van Loan v. Van Loan* (1995), 271 Mont. 176, 178-79, 895 P.2d 614, 615 (citation omitted). We will not interfere with the district court's ruling unless a manifest abuse of discretion has been shown. *See Knudson v. McDunn* (1995), 271 Mont. 61, 64, 894 P.2d 295, 297 (citation omitted).

¶21 In addition, we review a district court's conclusions of law to determine whether the district court's interpretation of the law is correct. *See Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

## ISSUE 1

¶22 Whether the District Court abused its discretion in denying Sweet Grass Farms' motion for preliminary injunction?

¶23 Sweet Grass Farms contends that the District Court's denial of the preliminary injunction was based solely on one of the factors in § 27-19-201, MCA. As a result, Sweet Grass Farms argues that since the factors contained in § 27-19-201, MCA, are in the disjunctive, the District Court's failure to consider either § 27-19-201(1) or (3), MCA, constitutes a manifest abuse of discretion.

¶24 The Board states that it takes no position concerning whether or not an injunction should have been issued in this case. The Board further asserts that its participation in the

September 15, 1999, preliminary injunction hearing and this appeal is to address the intended scope of § 76-3-625, MCA.

¶25 On the other hand, J & W contends that Sweet Grass Farms was extended great latitude in presenting evidence in support of its motion for preliminary injunction. J & W argues that the District Court carefully considered the evidence presented when it determined that the equities dictated no preliminary injunction should issue. J & W also claims that a court must find that the applicant for an injunction will suffer great or irreparable harm before it can issue an injunction. J & W concludes that the District Court, having found no irreparable injury, properly denied Sweet Grass Farms' motion for preliminary injunction.

¶26 The District Court found that Sweet Grass Farms would not be irreparably harmed should the subdivision be allowed to proceed during the pendency of this action. The District Court also found that J & W would be significantly affected by the delay in the development and sale of the property should the court enjoin final approval pending a final decision on the merits. As a result, the District Court concluded that the hardships that would be suffered by J & W outweighed those that would be suffered by Sweet Grass Farms and denied the motion for preliminary injunction. In reaching its decision, the District Court also concluded that Sweet Grass Farms failed to make a sufficient showing of a material injury to its property or its value and failed to show irreparable injury.

¶27 Section 27-19-201, MCA, specifies when an injunction order may be granted:

> (1) when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
>
> (2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
>
> (3) when it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual;

. . . .

We have previously stated that the subsections of this statute are disjunctive, "meaning that findings that satisfy one subsection are sufficient." *Stark v. Borner* (1987), 226 Mont. 356, 359, 735 P.2d 314, 317. Consequently, only one subsection need be met for an injunction to issue. *See Stark*, 226 Mont. at 359-60, 735 P.2d at 317.

¶28 "An applicant for a preliminary injunction must establish a prima facie case or show that it is at least doubtful whether or not he will suffer irreparable injury before his rights can be fully litigated." *Porter v. K & S Partnership* (1981), 192 Mont. 175, 181, 627 P.2d 836, 839. In deciding whether an applicant has established a prima facie case, a court should determine whether a sufficient case has been made out to warrant the preservation of the property or rights in status quo until trial, without expressing a final opinion as to such rights. *See Fox Farms Estates Landowners Ass'n v. Kreisch* (1997), 285 Mont. 264, 268, 947 P.2d 79, 82. "Status quo" has been defined as "the last actual, peaceable, noncontested condition which preceded the pending controversy." *Porter*, 192 Mont. at 181, 627 P.2d at 839 (quotation and citations omitted).

¶29 From the District Court's Findings of Fact, Conclusions of Law and Order Denying Preliminary Injunction, it appears that the District Court denied the preliminary injunction based on Sweet Grass Farms' failure to show irreparable injury under § 27-19-201(2), MCA. There is no indication that the District Court considered any of the other applicable subsections under § 27-19-201, MCA.

¶30 Our review of the record reveals that Jackson submitted an affidavit in support of his motion to intervene, stating that the final plat for the J & W Minor Subdivision was complete, ready for filing, and J & W had met or was in the process of meeting all the conditions imposed by the Board for approval. Jackson went on to state that the land within the subdivision had been appraised, advertised for sale, listed with H Bar 4 Realty, and was being shown. In addition, Jackson testified at the preliminary injunction hearing that if the District Court did not grant the preliminary injunction he intended to immediately market the properties.

¶31 This evidence demonstrates that during the litigation J & W was threatening or was about to do or was procuring or suffering to be done an act in violation of Sweet Grass Farms' rights with respect to its appeal of the Board's conditional approval of the J & W Minor Subdivision, which would tend to render the judgment ineffectual. In anticipation of final approval of the subdivision, J & W was preparing to sell the lots in the subdivision during the litigation. The sale of any of these lots to third party purchasers would render

an adverse decision regarding the Board's approval of the J & W Minor Subdivision ineffective and nullify Sweet Grass Farms' right to challenge the Board's approval.

¶32 In addition, allowing the sale of these lots prior to a determination of whether the Board's approval of the J & W Minor Subdivision was proper would impact Sweet Grass Farms' property rights. The impacts associated with the introduction of a subdivision into a primarily agricultural area include increased property taxes, increased traffic, noise, and dust, a reduction in the quality of local services, and an irreparable loss of the agricultural character of the area. These impacts support the issuance of a preliminary injunction pursuant to § 27-19-201(3), MCA.

¶33 Moreover, Sweet Grass Farms has made a prima facie showing that the J & W Minor Subdivision fails to comply with the Master Plan in several respects. The Board passed a resolution stating that the Board shall be guided by and give consideration to the general policy and pattern of development set out in the Master Plan. This resolution also authorized the Board to require subdivision plats to conform to the provisions of the Master Plan.

¶34 The Board based its conditional approval of the J & W Minor Subdivision on its Findings of Fact That Weigh Review Criteria, which state that the subdivision plat conforms with the primary land use goal of the Master Plan despite the recommendations and findings of the planning board and staff to the contrary. Final approval of the J & W Minor Subdivision by the Board before resolution of Sweet Grass Farms' appeal of the Board's conditional approval of the subdivision would allow J & W the opportunity to sell some or all of the lots. Sale of any of the lots during the litigation would tend to render a judgment in favor of Sweet Grass Farms ineffectual.

¶35 Accordingly, we conclude that the District Court manifestly abused its discretion when it denied Sweet Grass Farms' motion for preliminary injunction on the sole basis that it did not satisfy § 27-19-201(2), MCA. We reverse and remand to the District Court with instructions to issue injunctive relief pursuant to § 27-19-201(3), MCA, consistent with this opinion.

## ISSUE 2

¶36 Whether Sweet Grass Farms is likely to prevail on the issues of subdivision review due to the Board's failure to consider several factors required by the Master Plan; the

conflicts between the subdivision and the Master Plan; and the Board's failure to require an environmental assessment?

¶37 In its briefs, Sweet Grass Farms urges this Court to go a step further by providing substantive guidance regarding: (1) the issue of standing under § 76-3-625, MCA; (2) the scope of the record a district court may review in an appeal pursuant to § 76-3-625, MCA; (3) the effect of a county's master plan; (4) whether proposed subdivisions must comport with the master plan; and (5) whether the Subdivision and Platting Act can be evaded by multiple minor subdivisions. The Board points out that this is an appeal from an order denying Sweet Grass Farms' request for a preliminary injunction. As such, the Board requests this Court to deny Sweet Grass Farms' request to circumvent the jurisdiction of the District Court and to refrain from making a final determination of this case on its merits. J & W primarily confined its argument to the issue of whether a preliminary injunction should have been granted and does not present an argument with regard to this issue.

¶38 In determining the merits of a preliminary injunction, "[i]t is not the province of either the District Court or the Supreme Court on appeal to determine finally matters that may arise upon a trial on the merits." *Dreyer v. Board of Trustees* (1981), 193 Mont. 95, 100, 630 P.2d 226, 229 (citation omitted). "In granting temporary relief by injunction, courts of equity should in no manner anticipate the ultimate determination of the questions of right involved." *Porter*, 192 Mont. at 183, 627 P.2d at 840.

¶39 At this point in the litigation, no trial has been held and no final judgment adjudicating the ultimate rights of the parties has been made. Therefore, we decline Sweet Grass Farms' invitation to anticipate the ultimate determination of issues currently pending before the District Court.

## ISSUE 3

¶40 Whether the District Court erred by combining the standing requirement for an appeal under § 76-3-625, MCA, with the irreparable injury requirement under the preliminary injunction statute, § 27-19-201, MCA?

¶41 Sweet Grass Farms contends that the District Court's combination of the standing requirement under § 76-3-625(3)(b), MCA, and the irreparable injury requirement under § 27-19-201(2), MCA, was erroneous. The Board points out that the District Court did not

dismiss Sweet Grass Farms' appeal from the Board's conditional approval of the J & W Minor Subdivision. J & W primarily confined its argument to the issue of whether a preliminary injunction should have been granted and does not present an argument with regard to this issue.

¶42 Based on our resolution of Issue 1, we need not address whether the District Court erred when it combined the standing requirement under § 76-3-625(3)(b), MCA, with the irreparable injury requirement under § 27-19-201(2), MCA. Under Issue 1, we reversed the District Court's denial of the preliminary injunction and remanded the matter to the District Court for entry of injunctive relief pursuant to § 27-19-201(3), MCA. Therefore, a determination of whether the District Court erred when it combined two distinct statutory provisions in denying Sweet Grass Farms' motion for preliminary injunction is no longer necessary.

¶43 In conclusion, we reverse and remand to the District Court with instructions to issue injunctive relief pursuant to § 27-19-201(3), MCA, consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER