FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0069

DA 16-0069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 273N

DOUGLAS JOSEPH CHYATTE,

Plaintiff and Appellant,

v.

LEROY KIRKEGARD, Warden, Montana State
Prison, MIKE BATISTA, Director, Montana
Department of Corrections,

Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2015-133
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Douglas Joseph Chyatte, Self-Represented, Deer Lodge, Montana

For Appellee:

Ira Eakin, Special Assistant Attorney General, Montana Department of
Corrections, Helena, Montana

Submitted on Briefs:  August 31, 2016

Decided:  October 25, 2016

Filed:

_____
                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas Joseph Chyatte (Chyatte) appeals from an order denying his Motion for a Preliminary Injunction entered in the First Judicial District Court, Lewis and Clark County, on December 31, 2015. Chyatte argues that the District Court's denial of his request for preliminary injunction was a manifest abuse of discretion. We affirm.

¶3 Chyatte is incarcerated at the Montana State Prison (MSP). Chyatte is disabled, which impairs his mobility, and may also make him ineligible for jobs that are available at MSP. It is unclear whether his disability makes him ineligible for every job. Chyatte claims he must rely on money given to him by family members to pay for copies of documents which are necessary for him to pursue various legal actions. MSP charges $0.20 per page for single-sided copies and $0.40 per page for duplex copies.

¶4 Chyatte's Motion for Preliminary Injunction seeks to enjoin MSP and Department of Correction (DOC) officials from charging more than $0.05 per page for single-sided black and white copies, and $0.10 per page for copies generated by the DOC Records Department.

¶5 The District Court concluded that Chyatte failed to establish a prima facie case that he will suffer irreparable injury pending resolution of this dispute. Concluding that

2

§ 27-19-201, MCA, was designed to prevent immediate, serious harm to the applicant; the District Court found that Chyatte had failed to meet his burden. On appeal, Chyatte argues that "when a prisoner's efforts to pursue a legitimate civil rights complaint, or obtain appellant review [are frustrated], there has been a violation of the Due Process Clause." In support of his appeal, Chyatte submitted an appendix which contains five exhibits which were not submitted to the District Court and are not part of the trial record.

¶6 This Court will not disturb a district court's decision to grant or deny a preliminary injunction unless a manifest abuse of discretion has been shown. *Doe v. Cmty. Med. Ctr., Inc.*, 2009 MT 395, ¶ 14, 353 Mont. 378, 221 P.3d 651. "A manifest abuse of discretion is 'one that is obvious, evident or unmistakable.'" *Doe*, ¶ 14.

¶7 Section 27-19-201, MCA, sets forth the requirements for issuing a preliminary injunction:

>     (1) when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
>     (2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
>     (3) when it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual.

¶8 The provisions are in the disjunctive, meaning that Chyatte must satisfy only one of the subsections to be entitled to relief. *Sweet Grass Farms v. Bd. of Co. Comm'rs*, 2000 MT 147, ¶ 27, 300 Mont. 66, 2 P.3d 825. Our review of the record and pleadings

3

convinces us that Chyatte has failed to establish that he has satisfied any one of the subsections of § 27-19-201, MCA.

¶9 While not entirely clear in his brief, Chyatte appears to argue that the photocopy policy of MSP caused him irreparable injury because the policy effectively denies him access to the courts, which is a constitutional right. Chyatte appears to assert that the prices of copies set by the MSP, in conjunction with Chyatte's lack of available funds, creates a situation where he is unable to make copies necessary to pursue his various legal matters. Chyatte claims that in an unrelated matter the "U.S. District Court for the District of Montana, Missoula Division, refuse[d] to publish Chyatte's proposed jury instructions as a result of Chyatte's inability to provide photocopies of the proposed jury instructions to opposing counsel[ ] in that matter." He further claims that the Defendants in the federal case attempted to have Chyatte's opening brief struck due to his inability to produce photocopies of the exhibits attached to the briefs.

¶10 Chyatte, however, fails to provide a docket number, a case name, or show how an attempt by the defendants in this unrelated civil matter caused him irreparable injury which we may address in the instant proceeding. While Chyatte did add some documents in his appendix in an attempt to support his arguments, we are unable to review evidence not available to the District Court. *Frank v. Harding*, 1998 MT 215, ¶ 7, 290 Mont. 448, 965 P.2d 254. The District Court properly exercised its discretion when it concluded that Chyatte failed to show that his access to the courts was violated or about to be violated because no evidence was before the District Court that indicated Chyatte had suffered, or was about to suffer, an actual harm.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of relevant standards of review.

¶12 Affirmed.


/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE