RALPH BOUMA, Plaintiff and Appellant, v. BYNUM IRRIGATION DISTRICT, a Public Corporation, Defendant and Respondent.

No. 10209.
Submitted April 22, 1961. Decided August 7, 1961.
Rehearing denied August 30, 1961.
364 P.2d 47.

Ralph J. Anderson and Stanley P. Sorenson, Helena, for appellant. Ralph J. Anderson, argued orally.

Jardine, Stephenson, Blewett & Weaver, Arthur S. Jardine, Great Falls, for respondent. Arthur S. Jardine, argued orally.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiff, Ralph Bouma, from a judgment entered in the district court of the ninth judicial district of the State of Montana, in and for Teton County, denying an injunction and damages.

The plaintiff in his complaint alleged that the defendant, Bynum Irrigation District, a public corporation, was the owner of a ditch or canal known as "C" canal which ran through plaintiff's land. From 1955 through 1957, the defendant used the ditch or canal as a waste ditch for gathering waste irrigation and surface waters. Plaintiff claimed this use of the ditch caused large quantities of water to flow upon his land rendering the land unsuitable for cultivation and causing the loss of growing crops. Plaintiff asked for damages for the loss of the crops and for an injunction to prevent future damages.

In a supplemental complaint, the plaintiff alleged that the defendant after the filing of the original complaint had, without authority, proceeded to excavate a new ditch on his land and had placed a culvert under "C" canal. Plaintiff sought an injunction to prevent use of this ditch and culvert.

In answer the defendant alleged ownership of an easement for the purpose of allowing water to flow through "C" canal and asserted as a perpetual easement the right to continue to discharge onto plaintiff's land the waste and surface waters that accumulated in "C" canal. The plaintiff in his reply denied the existence of any easement in the defendant.

The original "C" canal was built in 1926 and extended approximately one-quarter of a mile east into plaintiff's property from the west boundary—the flow being from west to east. Except for short periods of time, the canal had never been used for irrigation, but it did collect surface water from

the drainage above. In 1950, "C" canal was extended across the remainder of plaintiff's property.

The evidence established that the damages occurred along the southern boundary of "C" canal, along which boundary for approximately one-half mile there were wet spots of a total area of 39.6 acres. The wet spots washed out when they were planted and this resulted in the loss of crops. Plaintiff introduced testimony that the wet spots and the washing away of the crops were directly caused from water coming out of "C" canal. On the other hand, testimony was introduced by the defendant that the wet spots were caused by the drainage of ground water from the bench above plaintiff's land. The water coming to the surface at low levels, and due to the nature of the soil, remained in the low spots which resulted in their turning wet and alkali. Testimony of a defense witness indicated that the wet spots existed prior to the building of "C" canal.

Plaintiff being firmly of the belief that "C" canal was the cause of the loss of crops and the injury to his land, attempted prior to this suit to get the defendant to block off "C" canal. His land was the only land served by "C" canal and he did not use the canal to irrigate. He contended that the waste waters which injured him came from a draw or coulee to the west of his property and not from natural seepage. The waters entered "C" canal west of his property and then down the canal to his property. Therefore, it was his contention that if "C" canal were dammed at his property line no further injury would result. However, the defendant company refused permission to dam the canal. Plaintiff then, in October of 1957, filed suit for the damages caused to his crops and for an injunction to prevent future waste water from flowing down "C" canal onto his land.

After the suit was filed, the defendant caused additional ditches to be dug above "C" canal and a culvert to be placed under the canal to drain off the water trapped in the ditches.

The purpose of the ditches was to capture the water prior to its entering "C" canal and to dispose of it, thus remedying the situation. There is a conflict of testimony as to whether the ditches were authorized by the plaintiff. However, the ditches and culvert were never operative due to an obstruction at the end of the culvert which the plaintiff refused to allow the defendant to remove.

Thereafter in June 1959, which was prior to the trial, plaintiff seized the initiative and dammed "C" canal at his property line.

The district court in denying damages and the injunction made several findings of fact which are summarized below.

(1) That the plaintiff's land was subject to the defendant's ownership of "C" canal and that the defendant's use of "C" canal for the purpose of discharging waste and surface waters onto plaintiff's land had resulted in a perpetual easement. Also, that the ditches which were excavated after the complaint was filed were constructed at plaintiff's request.

(2) That if plaintiff has suffered any damage to the crops raised on his land, such damage was not caused by any negligence, acts or omissions of the defendant.

Plaintiff excepted to the findings and conclusions on the basis that they were not supported by and were directly contrary to the evidence.

The court's first finding of fact was evidently used as the basis for the denial of the injunctions sought by the plaintiff. Although the finding is bitterly contested we find it unnecessary to discuss the issues raised by it. Plaintiff prior to the trial resorted to the age-old remedy of self-help. The facts indicate that the ditches constructed after the complaint was filed were never used because of the obstruction which plaintiff refused to allow the defendant to remove. Also, on June 4, 1959, plaintiff dammed "C" canal at his property line, thus curing his dilemma. The dams, as indicated by the

record, are still in place. Therefore, it is apparent that the remedy by injunction has become moot.

An injunction will not issue to restrain an act already committed. State ex rel. Tilman v. District Court, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376; Iverson v. Dilno, 44 Mont. 270, 119 P. 719; Adkins v. City of Livingston, 121 Mont. 528, 194 P.2d 238. Injunction is not an appropriate remedy to procure relief for past injuries, it is to afford preventive relief only.

In Mallon v. City of Long Beach, 164 Cal.App.2d 178, 190, 330 P.2d 423, 431, the court stated: "If * * * there is no reasonable probability that past acts complained of will recur, [the] injunctive relief will be denied. Injunctive power is not used as punishment for past acts and is ordered against them only if there is evidence they will probably recur. [Citing cases.]"

In Universal Loan Corp. v. Jacobson, 212 Iowa 1088, 1091, 237 N.W. 436, 437, it was stated: "It is quite fundamental that rights already lost and wrongs already committed are not subject to injunctive relief. This is especially true where there is no showing that the acts complained of in the first instance are being continued or repeated or that the defendant is threatening or intending to repeat the alleged injury." See also 43 C.J.S. Injunctions § 22 d, p. 445.

Plaintiff sought to have the defendant enjoined from using the ditches and "C" canal for the conveyance of waste water, but by self-help he accomplished this purpose. By his acts he has made an injunction unnecessary, unless of course there exists a threat of future injury. However, there is nothing in the record to indicate that the defendant will resume the practice. Therefore, the injunctions were properly denied.

Th plaintiff also alleged as a specification of error that the findings of the district court in respect to the damages were contrary to the evidence.

Prior to an examination of this allegation of error, the

rules which govern review by this court in an equity appeal should be considered. Under section 93-216, R.C.M.1947, it is the duty of this court to review all questions of fact arising upon the evidence presented from the record. However, this statute has been subject to the judicial doctrine that this court in reviewing equity cases will hesitate to overturn findings of the trial court based upon substantial conflicting evidence which would justify an inference in favor of either side of the controversy. This rule is founded on the practicality that the trial court occupies an advantageous position. Bordeaux v. Bordeaux, 32 Mont. 159, 80 P. 6; Gray v. Grant, 62 Mont. 452, 206 P. 410, and cases cited therein. Leigland v. Rundle· L. & A. Co., 64 Mont. 154, 208 P. 1075; State ex rel. Nagle v. Naughton, 103 Mont. 306, 63 P.2d 123.

In Havre Irrigation Co. v. Majerus, 132 Mont. 410, 414, 318 P.2d 1076, 1078, we stated: "* * * this court indulges [in] the presumption that the judgment of the trial court is correct, and will draw every legitimate inference therefrom to support the presumption." See also George v. Fish Creek Irrigation Ditch Co., 135 Mont. 490, 342 P.2d 738.

"The burden is upon the appellant to show that the evidence preponderates against the finding." Thomas v. Ball, 66 Mont. 161, 165, 213 P. 597, 598.

It is conceded that plaintiff suffered damages. The question is what agency was the cause? Was it "C" canal or natural seepage from above? There is substantial conflict of evidence as to the cause of his damages. On the side of the plaintiff, there is evidence which would indicate that the damages suffered by him were caused by "C" canal. But, there was also evidence introduced by the defendant that "C" canal was not the proximate cause of the damages, rather his damages were caused by seepage. However, our adherence to the authorities quoted above precludes the plaintiff from prevailing. The evidence on the plaintiff's side does not preponderate against the findings of the district court. The presumption

that the district court is correct has not been overcome. Therefore, because there is a conflict of evidence, this court will not overturn the district court.

For the reasons hereinbefore stated, the judgment of the district court denying the injunctions and damages is affirmed.

MR. JUSTICES ADAIR, DOYLE and CASTLES concur.