No. 86-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOHN A. STARK and NADINE A. STARK,
husband and wife,

        Plaintiffs and Respondents,

-vs-

MAYNARD BORNER and OPAL BORNER,
husband and wife,

        Defendants and Appellants,

---

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Maynard and Opal Borner, pro se, Grass Range,
Montana

    For Respondents:

        Calton, Hamman, Calton & Wolff; Rodd A. Hamman,
Billings, Montana

---

Submitted on Briefs:  Feb. 19, 1987

Decided:  April 9, 1987

Filed:  APR 9 - 87

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Maynard and Opal Borner, husband and wife, appeal an August 12, 1986 preliminary injunction issued by the District Court of the Tenth Judicial District, Fergus County. We uphold the District Court's preliminary injunction, but remand so that the court may conduct a hearing to consider whether its findings were proper in light of Sharbono v. Darden (Mont. 1986), ___ P.2d ___, 43 St.Rep. 400 and other cases cited herein.

Maynard and Opal Borner entered a contract for deed in November, 1983, for the purchase of a 3,700 acre cattle ranch near Grass Range, Montana, from John and Nadine Stark. The purchase price for the place was $525,000. The Borners paid approximately $107,000 down on the contract and agreed to an annual payment of almost $40,000 until the full amount was paid. Annual payments were made in 1984 and 1985, but the Borner's were unable to meet the obligation of the 1986 payment when it came due in January.

On January 23, 1986, the Starks sent the Borners a notice of default. When the Borners failed to cure the default within sixty (60) days, the Starks sent a notice of acceleration on March 26, 1986. The second sixty days expired May 26, 1986. In June, the Starks began moving their cattle onto the property, as well as cutting and baling the hay.

Although the parties discussed a rental arrangement and renegotiation of a new contract, no agreement was ever reached. The Borners had written a $1,000 check for pasture

lease, but stopped payment on it when their attorney advised them that the Starks had no authority to be in possession.

On July 9, 1986, the Starks filed a complaint requesting that they be put in possession of the property, as well as that the Borners be enjoined from interfering with Stark's possession, that the contract for deed be forfeited and that the Borner's right, title, and interest in the property be terminated. The Starks also requested attorney's fees.

After an August 12, 1986 hearing, the District Court made the following findings: 1) that the Borners had not made the land contract payment due Starks, 2) that all contract terms had been complied with by Starks, 3) and that the Starks had demonstrated a strong chance of prevailing on the merits of the suit. For these and other reasons, the District Court found that injunctive relief restraining the Borners from interfering with the Stark's repossession of the property was appropriate and ordered the Borners to vacate the ranch by September 6, 1986.

On September 5, 1986, the Borners filed an emergency application to this Court for a stay of the District Court's order granting the preliminary injunction giving possession of the ranch premises to the Starks. This Court denied the Borners' request, explaining that the questions and evidence presented by the Borners were considered and denied by the District Court and that the Borners failed to show a case for their emergency application.

The Borners now appeal, pro se, raising the following issues:

1. Whether the District Court was required to make a finding that the Starks would be irreparably harmed in order to issue the injunction.

2. Whether the District Court erred in choosing not to require a written undertaking.

3. Whether the District Court erred in finding that the Borners defaulted under the terms of the contract for deed.

4. Whether the District Court is properly providing the due process required for mortgage foreclosures.

The issues raised by the Borners are properly raised on appeal. Rule 1(b)(2) of the Montana Rules of Appellate Civil Procedure provides:

> (b) In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:
>
> (2) from an order . . . granting or dissolving an injunction.

The statute could not be clearer in providing for the Borners' right to appeal the District Court's issuance of the preliminary injunction.

As the Borners are representing themselves in this appeal it is understandable that they are unfamiliar with the laws concerning preliminary injunctions. Borners first contend that the District Court should not have granted the preliminary injunction because it failed to make a finding that the Starks would suffer irreparable injury if the injunction was not issued.

Section 27-19-201, MCA, provides that a preliminary injunction order may be granted in the following cases:

> (1) when it shall appear that the applicant is entitled to the relief demanded and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
>
> (2) when it shall appear that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
>
> (3) when it shall appear during the litigation that the adverse party is doing or threatens or is

about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual;

(4) when it appears that the adverse party, during the pendency of the action, threatens or is about to remove or to dispose of this property with intent to defraud the applicant, an injunction order may be granted to restrain the removal or disposition;

(5) when it appears the applicant has suffered or may suffer physical abuse under the provisions of 40-4-121.

The District Court's order granting the preliminary injunction stated:

That it thus appears to the court that plaintiffs Stark have demonstrated a strong chance of prevailing on the merits herein, which under the contract includes right to possession, and that defendants should be temporarily restrained from interfering with that possession during the pendency of the suit.

That it further appears defendants may be unable to respond in damages if plaintiffs prevail herein, which would render any substantial damage award plaintiffs may recover ineffectual and unrecoverable, and further that Starks' damages from Borners continued possession of the lands while suit is pending would be quite difficult or impossible to accurately determine.

It is apparent that the District Court granted the preliminary injunction pursuant to § 27-19-201(1) and (3). Findings that satisfy the elements of subparagraph (2) are not also required.

The subsections are disjunctive, meaning that findings that satisfy one subsection are sufficient. All five subsections need not be satisfied for an injunction to issue. The District Court properly granted injunctive relief pursuant to § 27-19-201(1) and (3).

- 5 -

Borners next contend that the injunction is void because the District Court did not require Starks to post a written undertaking. Montana's law regarding requirements of security for damages on granting an injunction is set out in § 27-19-306(1), MCA, which states:

> 27-19-306. Security for damages. (1) On granting an injunction or restraining order, the court or judge shall require a written undertaking to be given by the applicant, in such sum as the court considers proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. The undertaking may not be required in domestic disputes or when the state or a state agency, a county or subdivision thereof, or a municipal corporation is the party seeking the injunction or restraining order. In any case, the court in its discretion may waive the undertaking in the interest of justice. (Emphasis supplied.)

The District Court may, in its discretion, waive the undertaking in the interest of justice. Although the District Court did not require a bond from the Starks, it protected the Borners' interest by ordering the Starks to refrain from selling or encumbering the property (other than by a lease for less than a year); by ordering that the hay which had been cut, baled and stacked could not be sold or used by either party without court order or written agreement between the parties; and by ordering that the Borners could cut and sell the barley crop they had planted on 85 acres of the property. As we find no abuse of discretion, we uphold the District Court's conclusions.

The Borners third argument is that the District Court granted the preliminary injunction before a finding was made that Borners were in default under their contract. This is not the case. The District Court found that Borners were in breach and that Starks had complied with the terms of the contract in declaring a default:

- 6 -

That the evidence clearly established that defendants Borner had not made the land contract payment due plaintiffs January 2, 1986, that plaintiffs have complied with the unambiguous terms of said contract in giving defedants written notice of default and also notice of acceleration of the contract balance, that defendants have not tendered the full principal and interest due and are in breach of their contract of purchase of the premises involved.

There is no indication in these findings or in the arguments made by the Borners that the District Court abused its discretion or had insufficient evidence to conclude that the Borners were in default. The District Court's order granting preliminary injunction was proper.

The final assertion made by Borners is that the District Court improperly "ousted" them from the property because it did not provide them the due process required for mortgage foreclosures. They argue that the Starks have not proven in court that forfeiture is Stark's proper remedy, and that they, Borners, have not been given full opportunity to present the merits of their case.

The District Court's issuance of the preliminary injunction was not a final adjudication. The injunction was used as an interlocutory procedural device to protect the subject of the controversy until a final determination could be reached by the court. The Borners' due process protections have not been violated insofar as the grant of the preliminary injunction is concerned.

This Court is concerned, however, about the lack of any findings regarding the sellers' ability to convey title after they accelerated payment. The established rule of law is that a vendor cannot, while unable to tender good title, enforce a forfeiture provision of a contract on default of the vendee. Silfvast v. Asplund (1933), 93 Mont. 584, 20

P.2d 631. Wells Fargo and Company v. Page (Or. 1905), 82 P. 856; Sievers v. Brown (Or. 1899), 56 P. 171.

> . . . the mere failure of the purchasers to make the deferred payments did not _ipso_ _facto_ entail a forfeiture of their rights under the contract, and, when the vendor elected to give the notice which would effect that result, the forfeiture could only be declared if, at the time she demanded final payment, she could convey marketable title. (Citations omitted.)

Silfvast v. Asplund, 93 Mont. at 595, 20 P.2d at 636.

This rule was enunciated most recently in Sharbono v. Darden (Mont. 1986), ___ P.2d ___, 43 St.Rep. 400, where we agreed with the Fourth Judicial District's finding that the vendee's "failure to make the balloon payment when due is excused by Sharbono's [vendors] inability to convey title." Sharbono v. Darden, 43 St.Rep. at 404.

Therefore, this Court sustains the District Court's issuance of the preliminary injunction pending the District Court's determination or remand as to whether its findings were proper in light of the above cited cases.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -