JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Mustang Holdings, LLC (Mustang) appeals from an order of the Fourth Judicial District Court, Missoula County, granting defendant Marge Zaveta (Zaveta) a preliminary injunction. The Order required Mustang to restore an irrigation ditch on its property that provides water to Zaveta’s property. We reverse and remand.
¶2 Mustang presents the following issues on appeal:
¶3 Did the District Court manifestly abuse its discretion when it granted Zaveta’s motion for a preliminary injunction?
¶4 Did the District Court abuse its discretion when it awarded attorney's fees to Zaveta?
PROCEDURAL AND FACTUAL BACKGROUND
¶5 Mustang and Zaveta own neighboring land on U.S. Highway 12, just west of Lolo in Missoula County, Montana. Water from Lolo Creek has irrigated Zaveta’s property for more than one hundred years via an irrigation ditch that crosses Mustang’s property. The 1937 Lolo Creek Water Decree determined that Joseph Andrews, a predecessor-in-interest to Zaveta, originally appropriated the water rights associated with the ditch in 1884. Following the 1960 Water Resource Survey, the ditch was recognized as the Hendrickson-Kuney Ditch. The ditch ceases to be recognized as anything today, however, because Mustang bulldozed it late in 2004.
¶6 Zaveta held two claims for the water rights associated with the ditch with the Montana Department of Natural Resources and Conservation. The claims allowed Zaveta to begin irrigating annually in mid-March. Zaveta at some point failed to pay a $150.00 per claim processing fee as part of the statewide basin adjudication, however, and the Water Court terminated her claims in October 1999. Zaveta nonetheless continued to divert water through the ditch uninterrupted. Zaveta finally paid the claim processing fees in August 2003, however, and as a result the Water Court reopened Zaveta’s case. The Water Court issued an order on November 4, 2003, reinstating Zaveta’s claims.
¶7 Meanwhile, Mustang initiated the present action on July 31,2003, *473 when it filed a complaint in District Court seeking a declaratory judgment that Zaveta had no right to use the ditch. Mustang based its complaint on the theory that the Water Court had terminated Zaveta’s water rights permanently in October 1999, thereby extinguishing any easement in favor of Zaveta across its property as a matter of law in accord with § 70-17-111(3), MCA. Zaveta answered Mustang’s complaint and asserted as an affirmative defense that she “is the owner of an easement for a ditch located on [Mustang’s] property.” Zaveta’s answer also prayed for “such other and further relief that the Court deems just and proper.”
¶8 Mustang moved for summary judgment on December 4,2003. The District Court determined that genuine issues of material fact existed in light of the Water Court’s order reinstating Zaveta’s water rights, and denied the motion on August 20,2004. To date, the District Court has not issued a final order regarding Mustang’s action for declaratory judgment.
¶9 Mustang destroyed the very ditch at issue-without leave of the court-in November and December 2004. Zaveta in response moved for a preliminary injunction on March 16,2005. She alleged that Mustang violated § 70-17-112, MCA, which prohibits interference with a party’s ditch easements, and that § 70-17-112(5), MCA, entitled her to attorney’s fees. Zaveta also alleged that Mustang destroyed Zaveta’s property “with intent to defraud Zaveta” and that Mustang acted “in violation of Zaveta’s rights respecting the subject of the action and tending to render the judgment ineffectual.”
¶10 The court held a hearing on May 10,2005, and issued an order on June 29, 2005. The order granted Zaveta’s motion for a preliminary injunction and required Mustang to restore the ditch. The court further ordered Mustang to pay the costs and reasonable attorney’s fees Zaveta incurred in connection with the preliminary injunction. Mustang appeals.
STANDARD OF REVIEW
¶11 We review the district court’s decision to deny or grant a preliminary injunction for a manifest abuse of discretion. Yockey v. Kearns Properties, LLC, 2005 MT 27, ¶ 12, 326 Mont. 28, ¶ 12, 106 P.3d 1185, ¶ 12. A manifest abuse of discretion is one that is obvious, evident, or unmistakable. Yockey, ¶ 12.
DISCUSSION
¶12 The core issue between the parties from the outset has been *474 whether Zaveta still holds a valid easement through Mustang’s property. If she does, then under § 70-17-112, MCA, it would be unlawful for Mustang to encroach upon or impair the ditch easement. The District Court denied Mustang’s motion for summary judgment on this precise matter in December 2003, reserving it for trial. Mustang then destroyed the ditch late in 2004 before the District Court could determine the parties’ respective rights pursuant to the complaint for declaratory relief filed by Mustang. This action prompted Zaveta’s request in March 2005, for the issuance of a preliminary injunction, the granting of which gives rise to this appeal. It bears repeating that the questions of whether Zaveta holds a valid easement, and if so, the extent of the relief to which she is entitled, remain for trial.
¶13 Mustang asserts that the District Court manifestly abused its discretion when it granted a preliminary injunction absent “any basis in law or fact.” Section 27-19-201, MCA, establishes five situations in which a court may grant a preliminary injunction. The subsections of this statute are disjunctive, so findings that satisfy one subsection are sufficient for a court to issue an injunction. Sweet Grass Farms, v. Board of County Com'rs, 2000 MT 147, ¶ 27, 300 Mont. 66, ¶ 27, 2 P.3d 825, ¶ 27. Notably, however, of the statutory subsections that could arguably apply here, each contemplates the restraining of the commission of an act, the continuance of an act, and/or the threat that an act adverse to the opposing party’s interests will be undertaken, as a predicate to the issuance of an injunction. None of these sections contemplates the issuance of an injunction to correct a wrong that has already been committed and completed. Here, although the ditch was already completely destroyed by the time Zaveta sought the injunction, the District Court nonetheless granted Zaveta’s request for a preliminary injunction and imposed an order requiring Mustang to restore the ditch.
¶14 Mustang argues that Zaveta’s damages can be compensated monetarily and thus, do not satisfy the “great or irreparable injury” prerequisite for a preliminary injunction. More to the point, the question we must first address is whether this case, given its posture when presented to the District Court on a prayer for injunctive relief, is even amenable to an order for preliminary injunction.
¶15 In Bouma v. Bynum Irrigation District, 139 Mont. 360, 364 P.2d 47 (1961), the plaintiff sought relief from a judgment of the district court denying his request for injunctive relief under somewhat similar circumstances. We affirmed the district court, noting that activity undertaken by the parties with respect to irrigation ditches had been *475 completed prior to the time that the preliminary injunction was sought. Therefore, we concluded, remedy by injunction was moot. We said: “An injunction will not issue to restrain an act already committed. Injunction is not an appropriate remedy to procure relief for past injuries, it is to afford preventive relief only.” Bouma, 139 Mont. at 364, 364 P.2d at 49 (internal citations omitted). We then quoted Mallon v. City of Long Beach, 330 P.2d 423, 431, for the following proposition:
If... there is no reasonable probability that past acts complained of will recur, injunctive relief will be denied. Injunction power is not used as punishment for past acts and is ordered against them only if there is evidence they will probably recur.
Bouma, 139 Mont. at 364, 364 P.2d at 49. Likewise, we held in Billings Assoc. Plumbing, Etc. v. State Bd., 184 Mont. 249, 255, 602 P.2d 597, 601 (1979), that where the entire injury is in the past, an injunction cannot issue.
¶16 Here, the entire injury is in the past, as the ditch was completely destroyed well before the court could enter any type of injunctive relief. Thus, under the clear language of § 27-19-201, MCA, and the cases cited above, this was not a case suitable for the issuance of a preliminary injunction. By the time the District Court was requested to act, there was nothing to enjoin.
¶17 This is not to say that Zaveta is not entitled to relief. In the event she prevails at the trial of the action for declaratory judgment, then she may present evidence as to the damages she has sustained as a result of the destruction of the ditch. The District Court would have the authority at this juncture to order Mustang to restore the ditch and if indicated, permanently enjoin Mustang from further interference with Zaveta’s easement rights. See Butler v. Germann, 251 Mont. 107, 113-114, 822 P.2d 1067, 1071 (1991)(overruled on other grounds by Shammel v. Canyon Resources Corp., 2003 MT 372, 319 Mont. 132, 82 P.3d 912). However, these determinations must await final resolution of this case.
¶18 For the foregoing reasons, the District Court’s decision to issue a preliminary injunction was unmistakably erroneous. Consequently, we conclude that the District Court manifestly abused its discretion. We therefore reverse the Order granting Zaveta a preliminary injunction. In light of this, we likewise reverse the District Court’s award of attorney fees to Zaveta.
¶19 Reversed and remanded for further proceedings consistent with this Opinion.
*476 CHIEF JUSTICE GRAY, JUSTICES NELSON and RICE concur.