Justice Jim Rice delivered the Opinion of the Court.
***162 ¶1 BAM Ventures, LLC (BAM) appeals the order of the Fifth Judicial District Court, Beaverhead County, Montana, granting a preliminary injunction in favor of Reed and Robin Schifferman (Schiffermans). We affirm and restate the issue on appeal as follows:
Did the District Court err by granting a preliminary injunction without a finding of "great or irreparable injury?"
FACTUAL AND PROCEDURAL BACKGROUND
¶2 The facts herein are taken from the record as developed only for purposes of the District Court's consideration of a preliminary injunction. The dispute concerns access to one of two pieces of adjacent property located in Wise River, Montana, owned respectively by BAM and the Schiffermans. In 2003, before improvements were made to the properties, Schiffermans purchased their lot, which then lacked physical access. In 2004, in an apparently fortuitous development, the Montana Department of Transportation completed an improvement project for Montana Highway 43, which ran along the southern border of the properties, and, during the project, added a paved apron extending from the highway toward the border of the properties *144 and installed a "green gate" nearby. Since 2004, Schiffermans have used these improvements to access their lot, and further improved the ***163 access by installing an elevated driveway with culverts. In 2005, Schiffermans built a 1200 square foot garage on their lot, and constructed a house there in 2016. They also had a cattle guard installed near the gate. Construction contractors and suppliers used the apron and driveway to access the property. During these years, Schiffermans believed the access was on their lot, and received no objections about its use.
¶3 In 2017, BAM purchased the lot adjacent to the Schiffermans' lot, and uses its property to host disabled veterans for recreational activities. BAM's principal, Noah McMahon, believed Schiffermans' driveway ran across the corner of BAM's property, so he fenced off the driveway with temporary fencing and removed Schiffermans' cattle guard.[1] In response, Schiffermans removed part of BAM's fencing and began driving across an unimproved grass and dirt area to access their driveway. As of the preliminary injunction hearing, Schiffermans had attempted to improve this altered route but found it did not provide comparable access. An expert testified it would take approximately two days and $ 7,000 to build a comparable access across the new route to the existing driveway.
¶4 BAM initiated this action in quiet title to resolve the question of property ownership of the disputed area. The Schiffermans disputed the boundaries allegations in their answer, and counterclaimed for a prescriptively acquired easement over the access route. Schiffermans have acknowledged that "at least a portion" of their property's access is located on BAM's property and, pertinent here, sought injunctive relief under § 27-19-201(1) - (3), MCA, based on their claim of a prescriptive easement, to bar BAM from restricting access to their lot across the original route pending outcome of the litigation.
¶5 After the hearing, the District Court determined Schiffermans had made a prima facie showing of their claim for prescriptive easement, and granted them a preliminary injunction pursuant to § 27-19-201(1), MCA. Although the District Court agreed with BAM's argument that Schiffermans had not established irreparable harm, and that money damages could not be considered irreparable harm, because "money damages may be recovered in an action at law without resort to equity," citing Caldwell v. Sabo , 2013 MT 240, ¶ 29, 371 Mont. 328, 308 P.3d 81, the court reasoned that Schiffermans did not need to establish "irreparable harm" because that requirement was necessary only for ***164 preliminary injunctive relief under subsection (2), not subsection (1), of § 27-19-201, MCA.
¶6 BAM appeals.
STANDARD OF REVIEW
¶7 District courts are afforded a high degree of discretion to grant or deny preliminary injunctions. Accordingly, we will not overturn the district court's decision absent a manifest abuse of discretion. "A manifest abuse of discretion is one that is obvious, evident, or unmistakable." Caldwell , ¶ 18 (quotation and citation omitted). However, we review an injunction based on conclusions of law for correctness. In considering whether to issue a preliminary injunction, neither the District Court nor this Court will determine the underlying merits of the case giving rise to the preliminary injunction, as such an inquiry is reserved for a trial on the merits. Caldwell , ¶ 19.
DISCUSSION
¶8 Did the District Court err by granting a preliminary injunction without a finding of "great or irreparable injury?"
¶9 This case turns on reconciliation of seemingly inconsistent statements made in our cases about the standards governing issuance of a preliminary injunction, which the parties' arguments have well pinpointed.
¶10 Section 27-19-201, MCA, provides that a preliminary injunction "may be granted in the following cases:"
*145 (1) when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
(2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;
(3) when it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual;
(4) when it appears that the adverse party, during the pendency of the action, threatens or is about to remove or to dispose of the adverse party's property with intent to defraud the applicant, an injunction order may be granted to restrain the removal or ***165 disposition;
(5) when it appears that the applicant has applied for an order under the provisions of 40-4-121 or an order of protection under Title 40, chapter 15.
Section 27-19-201, MCA.
¶11 BAM argues the District Court erred by granting the preliminary injunction in favor of the Schiffermans because they did not show they would suffer irreparable injury, which BAM contends must be demonstrated for a preliminary injunction to be issued under any of the five subsections of § 27-19-201, MCA. In support of their position, BAM cites to Benefis Healthcare v. Great Falls Clinic, LLP , 2006 MT 254, ¶¶ 13-14, 334 Mont. 86, 146 P.3d 714 ; Sandrock v. DeTienne , 2010 MT 237, ¶ 16, 358 Mont. 175, 243 P.3d 1123 ; and Davis v. Westphal , 2017 MT 276, ¶ 24, 389 Mont. 251, 405 P.3d 73. In particular, BAM relies on our recent statement in Davis :
[E]ven on proof of any grounds enumerated in § 27-19-201, MCA, a preliminary injunction should not issue absent an accompanying prima facie showing, or showing that it is at least uncertain, that the applicant will suffer irreparable injury prior to final resolution on the merits. Porter [v. K & S Partnership] , 192 Mont. [175] at 181, 627 P.2d [836] at 839 ; Rea Bros. Sheep Co. v. Rudi , 46 Mont. 149, 160, 127 P. 85, 87 (1912).
Davis , ¶ 24 (emphasis in original).
¶12 Schiffermans respond that the District Court did not err by granting a preliminary injunction under § 27-19-201(1), MCA, because they made a prima facie showing of their prescriptive easement claim, which BAM does not contest on appeal, and because a finding of irreparable injury was not necessary under the plain wording of that subsection. They cite our cases holding that "the subsections of this statute are disjunctive, meaning that findings that satisfy one subsection are sufficient." Sweet Grass Farms, Ltd. v. Board of County Comm'rs , 2000 MT 147, ¶ 27, 300 Mont. 66, 2 P.3d 825 ; accord Shammel v. Canyon Res. Corp. , 2003 MT 372, ¶ 15, 319 Mont. 132, 82 P.3d 912 ; Caldwell , ¶ 23 ; Stark v. Borner , 226 Mont. 356, 359, 735 P.2d 314, 317 (1987) (internal quotations and citation omitted).
¶13 Montana courts have managed over the years to address equitable preliminary injunctive relief under the standards of § 27-19-201, MCA, but it has not always been an easy task. The provision was originally enacted as Section 112 of the old Civil Practice Act by the Montana Territorial Legislature, sitting in Virginia City, on December 23, 1867. For historical context, Montana's adoption of the Civil Practice Act ***166 occurred contemporaneously with the ongoing impeachment controversy of President Andrew Johnson, about two years after the assassination of President Abraham Lincoln. Remarkably, the entire substantive text of Section 112 remains to this day within § 27-19-201, MCA, constituting the first three subsections of the statute. See 1867 Mont. Laws § 112, at 154. It has been a challenge for courts to interpret and apply the dated language of these provisions consistently.
¶14 However, as we have often recognized, the subsections of § 27-19-201, MCA, are written disjunctively. Demonstration of *146 one, and not all, of the subsections suffices to authorize a court to grant equitable, preliminary injunctive relief, when its discretion is so moved. As we stated in Sweet Grass Farms , "only one subsection need be met for an injunction to issue." Sweet Grass Farms, Ltd. , ¶ 27 (citation omitted); Sandrock , ¶ 16 ; Caldwell , ¶ 23 ; State v. BNSF Ry. Co. , 2011 MT 108, ¶ 18, 360 Mont. 361, 254 P.3d 561 ; City of Whitefish v. Bd. of Cty. Comm'rs of Flathead Cty. , 2008 MT 436, ¶ 20, 347 Mont. 490, 199 P.3d 201 ; accord Stark , 226 Mont. at 359, 735 P.2d at 317 ; Mont. Cannabis Indus. Ass'n v. State , 2012 MT 201, ¶ 14, 366 Mont. 224, 286 P.3d 1161 ; Cole v. St. James Healthcare , 2008 MT 453, ¶ 26, 348 Mont. 68, 199 P.3d 810 ; Mustang Holdings, LLC v. Zaveta , 2006 MT 234, ¶ 13, 333 Mont. 471, 143 P.3d 456.
¶15 Regarding what is commonly referred to as "irreparable harm," only subsection (2) explicitly references the issue, and its precise language is often overlooked. Specifically, subsection (2) authorizes relief when it appears that commission or continuation of an act during the litigation would produce "a great or irreparable injury"-that is, an injury so significant it could not later be repaired even by means of the litigation.
¶16 However, while only mentioned explicitly by subsection (2) in terms of a great or irreparable injury, the prevention of some degree of harm or injury is an overlapping concept that is implied within all of the subsections of the statute. Under subsection (1), when it appears an applicant has established entitlement to relief under a legal claim that consists of "restraining the commission or continuance of [an] act," injunctive relief is authorized to stop the continuing illegal act, as well as the harm that is implicitly being done thereby. Under subsection (3), when a continuing or threatened act would violate "the applicant's rights" and tend to render "the judgment ineffectual," injunctive relief is authorized to prevent the act and the implied harm that would result from such circumstances. Subsection (4) authorizes relief to ***167 prevent the threatened removal or disposal of "the adverse party's property with intent to defraud" and the obvious harm such actions would cause. Likewise, without mentioning "harm" or "injury," subsection (5) nonetheless protects against threatened harm by authorizing relief to protect applicants from economic loss and from physical abuse or intimidation in domestic and order of protection proceedings. While our cases have not always used precise language, collectively they correctly stand for the principle that all requests for preliminary injunctive relief require some demonstration of threatened harm or injury, whether under the "great or irreparable injury" standard of subsection (2), or the lesser degree of harm implied within the other subsections of § 27-19-201, MCA. This was the essential meaning of our dichotomous statement in Porter , 192 Mont. at 182, 627 P.2d at 840, upon which we heavily relied for our recent holding in Davis , ¶ 24, that "[a]lthough no finding of injury or damage is required for a preliminary injunction under [subsection (1) ], it is the court's duty to minimize the injury or damage to all parties to the controversy." Porter , 192 Mont. at 182, 627 P.2d at 840.
¶17 Thus, in Caldwell , a breach of contract action, we reversed the preliminary injunction entered in that case after concluding the applicants had not established the necessary threatened harm under any of the first three subsections of § 27-19-201, MCA. Caldwell , ¶¶ 25-30. Under subsection (2), we noted, citing to Am. Music Co. v. Higbee , 1998 MT 150, ¶ 15, 289 Mont. 278, 961 P.2d 109, that the applicants' claim for money damages could not constitute great or irreparable harm because "money damages may be recovered in an action at law without resort to equity." Caldwell , ¶ 29. Under subsection (1), the applicants could not establish that the relief they sought consisted of "restraining the commission or continuance of an act" where they had contracted for that very act-scoria mining-to be performed on their property, the status quo was that the other party was engaged in the contracted-for mining activity, and the dispute was over contract compensation. Caldwell , ¶¶ 25-27 ("That the Caldwells have requested injunctive relief to prevent terms of the contract from being enforced, does not transform this action into one of equity."). Under subsection (3), the applicants could not establish any of their contractual rights were being violated because, *147 inter alia , "the record is devoid of any facts which would support a conclusion that the Sabos are threatening to not pay for the scoria sold." Caldwell , ¶ 30.
¶18 In the case at bar, the District Court concluded the Schiffermans did not establish, under subsection (2), that they would ***168 apparently suffer an injury so great or irreparable it could not be addressed and compensated within the litigation. Nonetheless, upon making a prima facie showing of prescriptive easement, which is not contested on appeal, Schiffermans established they would suffer continuing harm by not being able to access their property, while the litigation was pending, by way of the access route they had used for many years, and thus satisfied subsection (1). Consequently, the purpose of equitable injunctive relief was here fulfilled, that is, to "preserve the status quo and minimize the harm to all parties pending final resolution on the merits." Davis , ¶ 24 (emphasis omitted). The "status quo" is "the last actual, peaceable, noncontested condition which preceded the pending controversy." Benefis , ¶ 14. The noncontested condition preceding the current controversy was the Schiffermans' use of the access created by the Department of Transportation and improved by them. We conclude the District Court did not abuse its discretion by entering the preliminary injunction permitting Schiffermans to continue to use the access pending the outcome of the litigation.
¶19 Affirmed.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
LAURIE McKINNON, J.

Apparently, prior attempts between the parties to informally resolve the access issue were unsuccessful.