FILED

10/25/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0612

DA 21-0612

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 215N

DALE YATSKO AND JANELLE YATSKO
d/b/a GREEN CREEK DISPENSARY,

        Plaintiffs and Appellees,

   v.

CASCADE COUNTY, MONTANA,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. BDV 21-439
                 Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Mark F. Higgins, MACo Defense Services, Helena, Montana

       For Appellees:

           Bruce A. Fredrickson, Angela M. LeDuc, Rocky Mountain Law
           Partners, P.C., Kalispell, Montana

                      Submitted on Briefs:  September 14, 2022

                              Decided:  October 25, 2022

Filed:

                  _____
                            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Eighth Judicial District Court granted a preliminary injunction in favor of Dale and Janelle Yatsko, doing business as Green Creek Dispensary (collectively the "Yatskos"), permitting them to continue their medical marijuana operation pending litigation on their compliance with Cascade County's Zoning Regulations ("Regulations"). The County appeals, arguing that the District Court misapprehended factual testimony and committed "several evidentiary errors," namely adopting certain requests it deemed admitted and "conduct[ing] its own investigation." After reviewing the preliminary injunction record, we conclude that the District Court did not manifestly abuse its discretion and affirm.

¶3 In 2015, the Yatskos entered an agreement to operate their business, Green Creek Dispensary, on the Dickmans' property. The lease permitted the Yatskos to "occupy and use [the] premises for the operation of a business for growing and selling marijuana . . . ." The Yatskos began operation on the Dickmans' property in the spring of 2016. In 2017, the Dickmans requested that the County re-zone their property from Suburban Residential to Agricultural because of their understanding that the Yatskos could operate as Medical

Marijuana Providers within Agricultural zoning districts. Their application did not mention the Yatskos or their marijuana operation. The County approved the Dickmans' application.

¶4    In 2018, the County provided the Yatskos a "Summary of Permissible and Impermissible Uses for Medical Marijuana Dispensaries and Providers." The Summary explained that Medical Marijuana Dispensaries could operate only in Heavy Industrial zoning districts but that Medical Marijuana Providers could operate in Agricultural zoning districts. At the time the Summary was provided, the Yatskos properly were licensed as Medical Marijuana Providers with the State.

¶5    In 2021, the County re-zoned the Dickmans' property to Mixed Use 20. Mixed Use 20 zoning districts are not regulated for any medical marijuana-related use. The 2021 Regulations do not provide special permits for medical marijuana in Mixed Used 20 zoning districts. The 2021 Regulations do provide an exception for lawfully existing buildings and land uses in effect prior to the enactment of the 2021 Regulations. The County determined that the Yatskos did not meet this exception and therefore could not continue operating.

¶6    The County gave the Yatskos until July 2022 to comply with the 2021 Regulations or "risk their licensure with the State." The Yatskos brought an action in August 2021 for relief declaring their qualification for the 2021 Regulation exception. In October 2021, the County issued the Yatskos notice to immediately cease operations or be subject to prosecution and a daily fine up to $500. Following an evidentiary hearing, the District

3

Court granted a preliminary injunction to the Yatskos, preventing the County from enforcing its notice while the litigation remained pending.

¶7 "District courts are afforded a high degree of discretion to grant or deny preliminary injunctions. Accordingly, we will not overturn the district court's decision absent a manifest abuse of discretion." *BAM Ventures, LLC v. Schifferman*, 2019 MT 67, ¶ 7, 395 Mont. 160, 437 P.3d 142. A "manifest" abuse of discretion is one that is "obvious, evident, or unmistakable." *Driscoll v. Stapleton*, 2020 MT 247, ¶ 12, 401 Mont. 405, 473 P.3d 386 (citations omitted). "[I]n considering whether to issue a preliminary injunction, neither the district court nor this Court will determine the underlying merits of the case giving rise to the preliminary injunction." *Planned Parenthood of Mont. v. State*, 2022 MT 157, ¶ 5, 409 Mont. 378, 515 P.3d 301 (quoting *Driscoll*, ¶ 12) (brackets in original). This Court's analysis of a preliminary injunction "does not express any opinion about the ultimate merits" of a case. *Benefis Healthcare v. Great Falls Clinic, LLP*, 2006 MT 254, ¶ 19, 334 Mont. 86, 146 P.3d 714.

¶8 Courts may grant injunctive relief on any one of five enumerated grounds. Section 27-19-201(1)-(5), MCA. These subsections are disjunctive; "only one subsection need be met for an injunction to issue." *BAM Ventures, LLC*, ¶ 14 (citations omitted). Here, the District Court relied on the following subsections of § 27-19-201, MCA:

(1) when it appears that the applicant is entitled to the relief demanded and the relief or any part of the relief consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;

(2) when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;

4

(3) when it appears during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights, respecting the subject of the action, and tending to render the judgment ineffectual[.]

Section 27-19-201(1)-(3), MCA.

¶9 For a court to issue an injunction under § 27-19-201(1), MCA, an applicant need only make "a prima facie showing" of entitlement to relief. *Planned Parenthood of Mont.*, ¶ 6. Under this standard, an applicant must demonstrate a need to preserve "property or rights in status quo" pending a final judgment. *Sweet Grass Farms, Ltd. v. Bd. of Cty. Comm'rs*, 2000 MT 147, ¶ 28, 300 Mont. 66, 2 P.3d 825. "We have defined 'status quo' as 'the last actual, peaceable, noncontested condition which preceded the pending controversy.'" *Planned Parenthood of Mont.*, ¶ 6 (quoting *Sandrock v. DeTienne*, 2010 MT 237, ¶ 16, 358 Mont. 175, 243 P.3d 1123 (citations omitted)).

¶10 To issue an injunction under § 27-19-201(2), MCA, a court must find that the applicant will suffer a "great or irreparable injury" due to the opposing party's commission or continuance of an act. *Caldwell v. Sabo*, 2013 MT 240, ¶ 29, 371 Mont. 328, 308 P.3d 81. Section 27-19-201(3), MCA, is implicated when an adverse party threatens to violate the applicant's rights in a way that renders eventual judgment ineffectual. *City of Whitefish v. Bd. of Cty. Comm'rs of Flathead Cty.*, 2008 MT 436, ¶ 23, 347 Mont. 490, 199 P.3d 201.

¶11 The District Court entered findings and granted a preliminary injunction on all three of these statutory grounds. Under § 27-19-201(2) and (3), MCA, the court relied on testimony and evidence demonstrating that the Yatskos invested approximately $150,000 into their Green Creek Dispensary building; that Green Creek Dispensary houses 1,000

5

marijuana plants worth approximately $1,250 each; that the Yatskos grew their plants from seed, each taking years to reach the proper maturity for medical grade marijuana; that forcible relocation would deprive the Yatskos' clients of reasonable access to their prescriptions; and that litigation already cut the Yatskos' monthly revenue by approximately $20,000.

¶12    The County argues that the District Court erred by granting a preliminary injunction based on the Yatskos' asserted harms, noting that we have held that "[m]oney damages are not considered irreparable harm, because money damages may be recovered in an action at law without resort to equity." *Caldwell*, ¶ 29 (quotation omitted) (brackets in original). The County incorrectly relies on *Caldwell*. *Caldwell* involved a breach of contract claim; generally, the relief for breach of contract is limited to monetary damages. *Caldwell*, ¶ 25. We held that injunctive relief was inappropriate for the specific action because an injunction "to prevent terms of the contract from being enforced [did] not transform [the] action into one of equity." *Caldwell*, ¶ 27. The situation before us, however, does not present a breach of contract issue, and the County ignores our decision in *Four Rivers Seed Co. v. Circle K Farms*, 2000 MT 360, 303 Mont. 342, 16 P.3d 342.

¶13    Four Rivers Seed Company sought damages for breach of contract and conversion from Circle K Farms after Circle K replanted third-generation potato seed from the second-generation potato seed provided to it by Four Rivers in its attempt to grow fourth-generation potatoes. *Four Rivers Seed Co.*, ¶ 8. Though lawful to do so, farmers in Montana did not grow fourth generation potatoes because the potatoes were more susceptible to certain vulnerabilities compared to prior generations. *Four Rivers Seed Co.*,

¶ 7. Four Rivers sought injunctive relief to prevent Circle K from certifying its crop as fourth-generation potatoes; the action did not otherwise prevent the sale or use of the fourth-generation potatoes. *Four Rivers Seed Co.*, ¶ 9. Four Rivers sought through injunctive relief to protect its reputation as well as the monetary loss of its investment. *Four Rivers Seed Co.*, ¶ 9. The trial court deemed monetary damages from a final judgment inadequate due to the risk to Four Rivers's investment and the damage to its reputation if Circle K were to certify its potato crop as fourth generation. *Four Rivers Seed Co.*, ¶ 17. It found that later monetary or legal remedies would prove ineffectual by virtue of the specific harms that Four Rivers would suffer; it accordingly granted a preliminary injunction. *Four Rivers Seed Co.*, ¶¶ 17-18. We held that the trial court did not abuse its discretion based on our review of the evidence supporting its decision. *Four Rivers Seed Co.*, ¶ 17.

¶14 Similarly here, the District Court record supports its findings that the Yatskos stand to suffer great harm without injunctive relief and that later monetary or legal remedies would prove ineffectual. The Yatskos articulated the effects on both their clients and their inventory if they had to make an immediate move to a Heavy Industrial zoning district. Many of the Yatskos' clients are disabled; the Yatskos testified that it is difficult for these clients to travel outside city limits. This difficulty is compounded by a lack of "comprehensive public transportation." Moving the Yatskos' operation would deny lawful prescriptions to these clients. Additionally, the Yatskos put significant time, effort, and money into their marijuana plants. They invested in a building that could house their plants

7

effectively. If the Yatskos were forced to move to an undeveloped location without such a building prior to the close of litigation, they would risk damage to their plants.

¶15 Without stating any opinion on the Yatskos' ultimate chances of success, we find substantial evidence in the record to support the District Court's findings of harm and its conclusion that an eventual judgment in the Yatskos' favor could be ineffectual if the injunction did not issue. The court exercised its discretion "in furtherance of the limited purpose of preliminary injunctions to preserve the status quo and minimize the harm to all parties pending final resolution on the merits." *Davis v. Westphal*, 2017 MT 276, ¶ 24, 389 Mont. 251, 405 P.3d 73 (citation omitted). Though it was presented with conflicting evidence, we conclude that the court did not manifestly abuse its discretion when it determined that the Yatskos would suffer great harm and that later remedies would be ineffectual without injunctive relief.

¶16 The District Court also determined that the Yatskos made a prima facie case, pursuant to § 27-19-201(1), MCA, that "preventing Cascade County from enforcing the Cascade County Zoning Regulations against the [Yatskos] is appropriate to preserve the status quo . . . ." It considered the status quo to be "the operation of Green Creek Dispensary at the . . . property for at least the past 5.5 years consistent with the State license to do so." The District Court relied on testimony, review of the Regulations, and evidence of communications between the Yatskos and the County—all presented at the preliminary injunction hearing—to reach its conclusion.

¶17 The County argues that the District Court relied on factual errors in its findings. The County also argues that the District Court erred in its conclusion by improperly

8

deeming certain of the Yatskos' assertions as admitted despite the County's attestations that the Requests for Admission were not served. The County complains further that the court acted improperly when it contacted the Clerk and Recorder's Office and Planning Department to obtain the Regulations. The court eventually received the Regulations from counsel, but it commented on the difficulties of accessing the Regulations through the County's website. We find it unnecessary to entertain these arguments. The District Court needed to find satisfied only one subsection of § 27-19-201, MCA, to properly issue an injunction. *BAM Ventures, LLC*, ¶ 14. The record contains other testimony and evidence independent of these alleged transgressions to support the District Court's grant of a preliminary injunction on the basis of § 27-19-201(2) and (3), MCA. Because a movant need satisfy only one of the disjunctive statutory criteria to obtain preliminary relief, we do not consider whether the Yatskos satisfied the standards of § 27-19-201(1), MCA.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's ruling was not a manifest abuse of discretion. We affirm.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE
/S/ DIRK M. SANDEFUR