FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0128

DA 22-0128

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 16N

PAUL PHILLIP BARDOS AND MARY L. BARDOS
REVOCABLE TRUST,

           Plaintiff and Appellant,

   v.

ROBERT L. SPOKLIE,

           Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-21-1490
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Kimberly S. More, Crowley Fleck, PLLP, Kalispell, Montana

      For Appellee:

      Marcel A. Quinn, Thomas A. Hollo, Hammer, Quinn & Shaw PLLC,
Kalispell, Montana

              Submitted on Briefs:  November 30, 2022

                    Decided:  January 24, 2023

Filed:

_____
              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Paul Phillip Bardos and Mary L. Bardos Revocable Trust (Bardos) appeal from the Eleventh Judicial District Court order denying Bardos' motion for preliminary injunction. We affirm.

¶3      Bardos and Robert L. Spoklie (Spoklie) own abutting properties in Flathead County. The parties entered into an easement agreement in 2018 in which Bardos granted Spoklie a 60-foot-wide easement for ingress and egress travel across Bardos' property.  Spoklie sought the easement so he could access his upper adjacent property, improve and develop it, and then, as the developer, sell parcels of it to others.  On December 30, 2021, Bardos filed a motion for preliminary injunction, show cause hearing, and temporary restraining order seeking to prevent Spoklie from engaging in various activities he alleged to be in violation of the easement agreement, including expanding the width of the easement, using and parking heavy construction equipment on and beyond the easement, and altering and/or disturbing the easement.

¶4      On December 31, 2021, the District Court denied the motion for temporary restraining order and set a show cause hearing on the motion for preliminary injunction for January 11, 2022.  The District Court later granted Spoklie's motion to continue the hearing, resetting it for February 16, 2022, on which date both parties appeared and

presented evidence. Bardos presented evidence showing tire tread and surface damage from bulldozers and similar heavy equipment driving and staging on and around the easement, as well as surface damage (upturned earth) from boulders being moved— boulders Bardos admitted to placing for the express purpose of preventing Spoklie from parking on the easement. Spoklie offered his own testimony contending the infrequent parking of equipment within the easement was incidental to ingress and egress. Mr. Wyant, Spoklie's employee, also testified. He described parking heavy construction equipment on the easement on fewer than a dozen instances, and never for an extended period of time. Mr. Wyant further testified he moved the boulders Bardos placed in the easement only as far as necessary to continue parking and staging vehicles as before the boulders appeared, any damage to the land from moving the boulders was minimal due to the frozen winter ground, and repairing such damage was possible. At the close of the hearing, the District Court denied Bardos' motion for preliminary injunction.

¶5 We review a district court's grant or denial of a preliminary injunction for manifest abuse of discretion, and "district courts are afforded a high degree of discretion to grant or deny preliminary injunctions." *BAM Ventures, LLC v. Schifferman*, 2019 MT 67, ¶ 7, 395 Mont. 160, 437 P.3d 142. A manifest abuse of discretion is one that is obvious, evident, or unmistakable. *Shandrock v. DeTienne*, 2010 MT 237, ¶ 13, 358 Mont. 175, 243 P.3d 1123.

¶6 The rule governing preliminary injunctions contained in § 27-19-201, MCA, sets forth five disjunctive conditions under which a preliminary injunction may be granted. We note the plain language of the rule ("An injunction order *may* be granted in the following

cases . . .") is permissive rather than mandatory. Bardos relies on the statute's first three subsections in contending the District Court manifestly abused its discretion by failing to enter a preliminary injunction because (1) Bardos established a *prima facie* case he was entitled to the relief requested because the undisputed evidence shows Spoklie's conduct exceeds the scope of the easement, (2) Bardos has and will continue to suffer irreparable harm, and (3) Bardos established that without a preliminary injunction Spoklie's actions will continue and will render ineffective any subsequent judgment. In turn, Spoklie argues the District Court was correct in denying the motion for preliminary injunction because (1) Bardos failed to establish a *prima facia* case and misconstrues the undisputed evidence, which shows Spoklie's conduct was reasonably necessary and incidental to using the easement, (2) Bardos failed to show risk of great or irreparable injury, and (3) Bardos' claim that any eventual judgment will be rendered ineffective is purely speculative.

¶7      Our review is limited to whether the District Court abused its discretion in denying the preliminary injunction. District courts necessarily have broad discretion to determine whether to grant or deny preliminary injunctions. *BAM Ventures*, ¶ 7.

> In granting temporary relief by injunction . . . the court should decide merely whether a sufficient case has been made out to warrant the preservation of the property or rights in status quo until trial.

*Flying T Ranch, LLC v. Catlin Ranch, LP*, 2022 MT 162, ¶ 18, 409 Mont. 478, 515 P.3d 806.

¶8      The District Court carefully considered the evidence and testimony presented by both parties and after our own review of the record, we find ample support for the District Court's determination that Bardos failed to establish a case for imposing a preliminary

injunction. The District Court appropriately held a show cause hearing and the evidence presented at that hearing firmly supports the District Court's conclusion as appropriate pursuant to the criteria of § 27-19-201, MCA. At hearing on February 16, 2022, the District Court gave Bardos ample opportunity to establish a *prima facie* case, despite thin support for the harm alleged in Bardos' motion:

> I want there to be admissible evidence for a *prima facie* case and showing, and I am not entirely confident that that was the showing that was made in the initial motion.

*See* Transcript of Proceedings on Appeal at 9, *Paul Phillip Bardos Revocable Trust v. Robert L. Spoklie*, No. DV-21-1490D (Mont. Eleventh Judicial Dist., Feb. 16, 2022).

¶9 Bardos presented evidence showing only minor disturbances to the land surface. Spoklie presented sufficient evidence for the District Court to determine that the conduct Bardos sought to enjoin Spoklie from engaging in (chiefly driving, using, and occasionally parking heavy equipment on the easement) was not a prima facie violation of the easement, would not cause irreparable injury, nor would render a subsequent judgment ineffective. The record shows the District Court was well within its broad discretion to deny the injunction.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR